JEFFFREY R. OWENS, ISB #7276
OWENS, McCREA & LINSCOTT, PLLC
8596 N. Wayne Drive, Suite A
Hayden, Idaho 83835
Telephone: (208) 762-0203
Facsimile: (208) 762-0303
E-mail: jowens@omllaw.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| LAVENDER RAIN THOMPSON,<br><br>    Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, and PROVIDENCE HEALTH & SERVICES, a Washington corporation,<br><br>    Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff LAVENDER RAIN THOMPSON, for her claims against Defendants, alleges as follows:

## I.
## IDENTITY OF THE PARTIES, JURISDICTION AND VENUE

1.1     Plaintiff LAVENDER RAIN THOMPSON (hereafter "Ms. Thompson") was and is an individual residing in the State of Idaho, Kootenai County, City of Rathdrum.

1.2     Defendant METROPOLITAN LIFE INSURANCE COMPANY (hereafter "MetLife") is domiciled in the State of New York, and licensed to transact life, health

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL- 1

1　and disability insurance in the State of Idaho, and transacts regular business activity in
2　Kootenai County, State of Idaho.

3　　　　1.3　　Defendant PROVIDENCE HEALTH & SERVICES (hereafter "PHS")
4　was and is a Washington corporation authorized to conduct business in the State of Idaho
5　and regularly conducts business in Kootenai County, State of Idaho.

6　　　　1.4　　The Plaintiff is a citizen of the State of Idaho. MetLife is a corporation
7　incorporated under the laws of the State of New York with its principal place of business
8　in the State of New York. PHS is a Catholic Health care ministry and a non-profit
9　corporation incorporated under the laws of the State of Washington with its principal
10　place of business in the State of Washington. The amount in controversy exceeds
11　$75,000.00. This Court therefore has diversity jurisdiction over this matter pursuant to
12　28 U.S.C. §1332.

## II.
## GENERAL ALLEGATIONS

15　　　　2.1　　Plaintiff incorporates hereby by reference as if fully set forth each and
16　every allegation of the preceding paragraphs of this Complaint.

17　　　　2.2　　Ms. Thompson is a registered nurse and an employee of PHS.

18　　　　2.3　　As an employee of PHS, Ms. Thompson was eligible for long term
19　disability benefits under a group insurance policy issued by MetLife to PHS, for the
20　benefit of its employees. This policy provided for long term disability benefits payable to
21　Ms. Thompson in the event she was unable to work due to injury or illness.

22　　　　2.4　　On or about December 20, 2016, Ms. Thompson became disabled when
23　she developed severe right lower extremity compartment syndrome from a bleed

1  resulting in elevated compartment pressures and permanent damage to the sciatic nerve
2  with ensuing right foot drop.  As a result of the debilitating injury to her right lower
3  extremity, Ms. Thompson was unable to work in any capacity for a period of thirteen (13)
4  months, from December 20, 2016 through January 28, 2018.  Ms. Thompson has not yet
5  resumed work in any capacity, but is scheduled to resume some work on a part-time
6  capacity on April 15, 2018.

7       2.5   Ms. Thompson has filed a claim for long term disability benefits but was
8  denied on June 16, 2017 due to an absence of requested information.

9       2.6   Ms. Thompson appealed the denial and provided additional information.
10  However, on February 22, 2018, Defendants once again denied her claim, concluding that
11  the medical information provided did not support functional limitations that would have
12  prevented Ms. Thompson from performing her own occupation during the 180-day
13  contractually required elimination period.  Of note, Defendants mistakenly calculated the
14  elimination period to begin on August 9, 2016 rather than December 20, 2016.
15  Furthermore, Ms. Thompson was informed that she had exhausted the administrative
16  review process under the Plan, and no further appeal would be considered.

17       2.7   Ms. Thompson has satisfied and met all the conditions, terms and
18  provisions for coverage and payment of benefits under the policies and plans relevant
19  hereto.

### III.
### FIRST CAUSE OF ACTION
### (Improper Denial of Benefits – 29 U.S.C. § 1132(a)(1)(B), §1132(c))

22       3.1   Plaintiff incorporates herein by reference as if fully set forth each and
23  every allegation of the preceding paragraphs of this Complaint.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL- 3

3.2     Defendants have breached their obligations under the long term disability plan and policy of insurance by denying Ms. Thompson's claim and failing to pay the benefits due under the same.

3.3     The denial of long term disability benefits by the employer and plan administrator, PHS, as well as the insurer and claims administrator, MetLife, is arbitrary, capricious, unsupported by substantial evidence, erroneous and a matter of law, and in violation of ERISA.

3.4     Ms. Thompson is entitled to recover from the Defendants the long term disability benefits due her.

3.5     Ms. Thompson is entitled to declaratory relief in the form of a judgment requiring payment of long term disability benefits by the Defendants so long as the conditions, terms and provisions of the relevant policies and/or plan provisions are satisfied.

3.6     This cause of action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq. Plaintiff brings this cause of action pursuant to ERISA 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B). This Court has jurisdiction pursuant to ERISA 502(e), 29 U.S.C. 1132(e). Venue is proper in that the breach took place within the District of Idaho and that the Defendants may be found within the District of Idaho pursuant to ERISA 502(e), 29 U.S.C. 1132(e).

## IV.
## SECOND CAUSE OF ACTION
### (Breach of Contract)

4.1     Plaintiff incorporates herein by reference all other paragraphs of this Complaint.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL- 4

4.2   All of the conditions to be performed on the part of Plaintiff under the provisions of the aforementioned insurance contract have been performed, waived or excused.

4.3   Plaintiff timely informed Defendants of her claim. Plaintiff has served Defendants with a Proof of Loss and/or has otherwise fully fulfilled her obligations as the insured under the insurance contract. Yet, Defendants have refused to make payments called for by the benefits plan and insurance contract, thereby breaching said contract.

4.4   As a direct and proximate result of the breaches of contract by Defendants, Plaintiff has been injured in a sum representing amounts unpaid, payable and due Plaintiff pursuant to said contract, together with legal interest allowed under Idaho law.

4.5   As a further direct and proximate result of Defendants' breaches of contract, Plaintiff has suffered and will continue to suffer consequential damages in an amount to be determined according to the proof at trial.

4.6   As a direct and proximate result of Defendants' breaches of contract, Plaintiff has incurred damages set forth in the Prayer for Relief below. These damages include attorney's fees and costs.

**V.**
**THIRD CAUSE OF ACTION**
**(Breach of Good Faith and Fair Dealing)**

5.1   Plaintiff incorporates herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

5.2   In the context of insurance administrator, whether that be plan or claims administrator, there is an implied covenant and/or duty to act in good faith and fair dealing. Defendants impliedly covenanted that they would deal with Plaintiff fairly and

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL- 5

honestly, and do nothing to impair, interfere with or hinder her enjoyment of benefits due under the group insurance policy and benefits plan.

5.3     Following the sudden and abrupt onset of Plaintiff's debilitating medical condition, a proper claim by Plaintiff was made to the Defendants for payment of long term disability benefits.  Further, Ms. Thompson correctly and accurately stated that the date her disability began was December 20, 2016.

5.4     The claim referenced in the preceding paragraph was supported with an opinion from Karen A. Stanek, M.D., Ph.D., Ms. Thompson's treating physician, who opined that Ms. Thompson was unable to work from December of 2016 through January 28, 2018, and was dependent on a walking assistive device for six (6) months.

5.5     Defendants hired their own medical consultant who also opined that Ms. Thompson would be restricted from all work activities as of December 24, 2016 through January 28, 2018.  Furthermore, Defendants' medical consultant opined that after January 28, 2018, Ms. Thompson would be limited to standing for only 20 minutes continuously, but not to exceed 2 hours of standing per an 8-hour day.

5.6     Defendants' continued throughout the handling of Ms. Thompson's claim to deny benefits for long term disability on the basis that the medical information did not support functional restrictions or limitations from August 9, 2016 continuously through the elimination period, or February 5, 2017.  However, Defendants provide no explanation for how they arrived at the disability start date of August 9, 2016 when all the medical information provided supported a disability start date of December 24, 2016.

5.7     Furthermore, Defendants agree with Plaintiff and concluded that the medical information supported functional restrictions or limitations from December 24,

2016 through January 28, 2018, well beyond the 180-day contractual elimination period. Of note, the Summary Plan Description defines "Elimination Period" as beginning on "the day you become disabled".

5.8 Defendants' actions as heretofore described were unreasonable and devised to produce a basis upon which they could shirk their obligations to Plaintiff.

5.9 Defendants failed to conduct an objective and reasonable investigation and failed to acknowledge information Plaintiff had supplied.

5.10 Defendants failed to show even the most basic understanding of the benefit plan and insurance policy.

5.11 Defendants' actions as delineated herein evidence that they made no attempt to conduct a fair settlement of Plaintiff's claim.

5.12 Defendants' liability became reasonably clear once they came into receipt of medical evidence from Plaintiff's treating physician, which evidence was corroborated by Defendants own consulting physician. As a result, Plaintiff's claim was no longer fairly debatable.

5.13 Defendants' failure to acknowledge such information and to then commence an investigation designed to disprove the same were not the result of a good faith mistake.

5.14 Defendants further delayed and then denied paying Plaintiff's claim without any reasonable basis for their delay or ultimate denial of benefits.

5.15 As a direct and proximate result of the aforementioned wrongful conduct, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, causing Plaintiff to suffer general and special

damages in an amount to be determined according to proof at trial, but in all events greater than the jurisdictional minimum of this Court.

## VI.
## FOURTH CAUSE OF ACTION
### (Attorney Fees)

6.1 Plaintiff incorporates herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

6.2 It has been necessary for Plaintiff to hire the law firm of OWENS, McCREA & LINSCOTT, PLLC in Hayden, Idaho to prosecute this action.

6.3 Plaintiff is entitled to reasonable attorney fees pursuant to Idaho Code §12-121 and §41-1839 relating to attorney fees and suits against insurers.

## VII.
## DEMAND FOR JURY TRIAL

7.1 Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff demands a trial by jury of all issues so triable under the law.

---

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For all amounts due for long term disability benefits in accordance with proof made at trial;

2. For declaratory judgment that Plaintiff is entitled to coverage and benefits for long term disability;

3. For Plaintiff's attorney fees and costs incurred in this action in accordance with proof and as allowed under ERISA 502(g)(1), 29 U.S.C. 1132(g)(1); and as allowed under Idaho Code §12-121 and §41-1839

4. For an award of general damages according to proof at trial;

5. For an award of special damages according to proof at trial;

6. For an award of consequential damages according to proof at trial;

7. For prejudgment interest on the damages alleged herein; and

8. For such other and further relief as the court may deem proper.

DATED this 9th day of April, 2018.

OWENS, McCREA & LINSCOTT, PLLC

/s/
JEFFFREY R. OWENS, ISB #7276
Attorneys for Plaintiff
Owens, McCrea & Linscott, PLLC
8596 N. Wayne Drive, Suite A
Hayden, Idaho 83835
Telephone: (208) 762-0203
Facsimile: (208) 762-0303
E-mail: jowens@omllaw.com